# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 05/06/2021 02:11 PM Sherri R. Carter, Executive Officer/Clerk of Court, by V. Delgadillo, Deputy Clerk

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BANK OF AMERICA N.A.; FIFTH THIRD BANK N.A.; SYNCHRONY BANK N.A.; WELLS FARGO BANK N.A.; GENERAL MOTORS, LLC; BBVA USA; STARLING CHEVROLET-CADILLAC, LLC; TD AUTO FINANCE, LLC; CITIZENS BANK, N.A; FIRST MOTOR GROUP OF ENCINO LLC DBA MERCEDES BENZ OF ENCINO; SANTANDER CONSUMER USA INC; ALLY FINANCIAL, INC; HUSTON BUICK GMC CADILLAC INC; LEFT GATE PROPERTY HOLDING LLC DBA VROOM; TRUIST FINANCIAL CORPORATION; CAPITAL ONE N.A.; JP MORGAN CHASE BANK N.A.; DOES 1-100 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MICHAEL LEBOW

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Stanley Mosk Courthouse
111 North Hill Street
Los Angeles CA 90012

**CASE NUMBER:**
*(Número del Caso):* 21STCV17095

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Whitney D. Ackerman 284340        (818) 426 - 9591
17326 Tiara St. Encino CA 91316    The Law Office of Whitney D. Ackerman

DATE:                Sherri R. Carter Executive Officer / Clerk of Court  Clerk, by V. Delgadillo, Deputy
*(Fecha)* 05/06/2021                                                      *(Secretario)*           *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* ALLY FINANCIAL
   under: [X] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Electronically FILED by Superior Court of California, County of Los Angeles on 05/06/2021 12:03 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez, Deputy Clerk
21STCV17095

Case 2:21-cv-04619-FLA-JC Document 1-1 Filed 06/04/21 Page 3 of 15 Page ID #:7

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Mark Mooney

Whitney D. Ackerman Esq. (SBN 284340)
THE LAW OFFICE OF WHITNEY D. ACKERMAN
17326 Tiara St, Encino CA 91316
T: (818) 426 - 9591
F: (866) 610 - 6540
Wackerma@gmail.com

**Attorney for Plaintiff,**
**MICHAEL LEBOW**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MICHAEL LEBOW,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA N.A.; FIFTH THIRD BANK N.A.; SYNCHRONY BANK N.A.; WELLS FARGO BANK N.A.; GENERAL MOTORS, LLC; BBVA USA; STARLING CHEVROLET-CADILLAC, LLC; TD AUTO FINANCE, LLC; CITIZENS BANK, N.A; FIRST MOTOR GROUP OF ENCINO LLC DBA MERCEDES BENZ OF ENCINO; SANTANDER CONSUMER USA INC; ALLY FINANCIAL, INC; HUSTON BUICK GMC CADILLAC INC; LEFT GATE PROPERTY HOLDING LLC DBA VROOM; TRUIST FINANCIAL CORPORATION; CAPITAL ONE N.A.; JP MORGAN CHASE BANK N.A.; DOES 1-100 inclusive,<br><br>Defendant. | Case No. 21STCV17095<br><br>**COMPLAINT**<br>**(UNLIMITED)**<br><br>1. VIOLATION OF THE CALIFORNIA CREDIT REPORTING AGENCIES ACT, CAL CIV CODE § 1785.25(a);<br>2. VIOLATON OF THE CALIFORNIA IDENTITY THEFT LAW, CIV CODE § 1798.92. ET SEQ.<br><br>**JURY REQUESTED** |

1

## I. INTRODUCTION

1. This case concerns each of the above named Defendant's willful failure to follow state guidelines designed to, among other things, protect consumers from the unlawful accessing of their sensitive personal information. As set forth further detail below each Defendant has knowingly and willfully violated Plaintiff's rights by failing to obtain consent prior to obtaining consumer reports. Accordingly, Plaintiff seeks to obtain redress for credit checks performed without providing authorization to each Defendant, thereby violating the FCRA and the CA CCRAA and The California Identity Theft Law, Civ Code § 1798.92 ET SEQ.

2. Plaintiff MICHAEL LEBOW ("Plaintiff"), is a natural person and a senior residing in Los Angeles County in the state of California, who has been the victim of identity theft pursuant to The California Identity Theft Law, Civ Code § 1798.92, "Victim of identity theft" means a person who had his or her personal identifying information used without authorization by another to obtain credit, goods, services, money, or property, and did not use or possess the credit, goods, services, money, or property obtained by the identity thief. Plaintiff filed a police report, FTC identity theft affidavit, notarized California Attorney General's Office Identity Theft Affidavit, hired a credit repair company, paid for credit monitoring services..etc. Additionally, Plaintiff, Michael Lebow, is now and at all times mentioned in this complaint a "consumer" as defined by 15 U.S.C. §1681a and Civil Code §1785.3. Michael Lebow is also a senior citizen pursuant to Cal Civ. Code Section 3345 et al.

3. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a and the CA CCRAA, Cal. Civ. Code § 1785.3(a). At all relevant times herein, Defendants **BANK OF AMERICA N.A.; FIFTH THIRD BANK N.A.; SYNCHRONY BANK N.A.; WELLS FARGO BANK N.A.; GENERAL MOTORS, LLC; BBVA USA; STARLING CHEVROLET-CADILLAC, LLC; TD AUTO FINANCE, LLC; CITIZENS BANK, N.A; FIRST MOTOR GROUP OF ENCINO LLC DBA MERCEDES BENZ OF ENCINO; SANTANDER CONSUMER USA INC; ALLY FINANCIAL, INC; HUSTON BUICK GMC CADILLAC INC; LEFT GATE PROPERTY HOLDING LLC DBA VROOM; TRUIST FINANCIAL CORPORATION; CAPITAL ONE N.A.; JP MORGAN CHASE**

BANK N.A.; individually by their own names or collectively ("Defendants"), Defendants are a "person" as the term is defined under the CA CCRAA, Cal. Civ. Code § 1785.3(j) as well as an "information furnisher" as the term is defined under the CA CCRAA.

4. At all times herein relevant, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d) or "consumer credit report[s]" as that term is defined by Cal. Civ. Code § 1788.2(j).

5. The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

6. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## II. FACTUAL ALLEGATIONS

7. At various and multiple times prior to the filing of the instant Complaint and within one year, each Defendant individually obtained Plaintiff's consumer credit report and sensitive financial information leaving a hard inquiry on his consumer credit report each time they requested his report and causing Plaintiff's scores to drop with each hard inquiry on his credit report.

8. Plaintiff has NEVER actually signed any agreement, nor was he seeking auto financing from any of the Defendants referenced herein. Each Defendant's conduct is a violation of Violation of the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.25(a) and Violation of the California Identity Theft Law, Civ Code § 1798.92. et seq.

9. On or about September 15, 2020, Plaintiff who is a Doctor was searching for office space for his medical practice in Beverly Hills, CAalifornia, as he wanted to come out of retirement to help those psychologically traumatized by the global pandemic known as Covid-19 and earn some additional income in so doing.

10. Plaintiff who is now almost 80 years old has had a blemish free credit report his entire adult life (over 50 years) and never has been late on a single payment.

11. Plaintiff located office space and checked his consumer credit reports and scores with Equifax, TransUnion, and Experian and noticed his scores had dropped by 100+ points. As a result, Dr. Lebow's wish to come out of retirement to help others and earn and income had been instantly halted as approval requirements on medical office space in Beverly Hills, well known 90210 zip code is a high bar that, once Plaintiff saw the drop in his score and all of the inquiries, he knew he would not meet, (having rented there in the past).

12. Plaintiff's conscience was shocked to say the least when Plaintiff saw the damage caused Defendants. Plaintiff has never had any difficulty obtaining credit prior to 2020-2021.

13. Plaintiff discovered over 30 unauthorized hard inquiries on his credit reports with Experian, Equifax, and TransUnion including 3 auto loans that did not belong to him.

14. Each Defendant ran Plaintiff's credit without his permission on one or more occasions for the purpose of an (fraudulent) auto loan which Plaintiff was not seeking. And in so doing, each Defendant failed to take proper care to ensure it was, in fact, Plaintiff who was actually applying in the first place.

15. But for each Defendant's own lack of care and neglect of their ordinary duties, none of inquiries would have occurred, as they never would have been run in the first place.

16. Defendant did nothing to authenticate Plaintiff's identity to insure it was in fact, Plaintiff applying for the auto loans.

17. Defendant failed to take enough proper care in so much as as, but not limited to; failing to ask what are commonly referred to as "Out Of Wallet" security questions to authenticate if it really was Plaintiff applying for a loan. A duty to all consumers, Out of Wallet questions are designed so that if someone were to steal your and/or identity, they could not use the information

to answer any of the questions. The questions that are used are multiple-choice that only the actual individual would know in their mind the answers to. For example, questions like 1. What was the color of your first car. 2. What is the name of the first school you attend? 3. What is the name of the hospital you were born in. 4 What street did you grow up on and various other similar kinds of questions that only the consumer knows in his or her mind that can be used to authenticate if a creditor is speaking to the right person or not. None of this level of basic care was taken by any Defendant despite how simple, effective, and at no or next to no cost to do so.

18. Plaintiff alleges on information and belief that each Defendant and their conduct was in the course of profit, and as a result, when Plaintiff alerted each of the Defendants of the improper inquiries, they did nothing because it was not profitable for them to do so. However, even after notice of the issues were provided to each, none took action to investigate or remove the inquiries in a reasonable and or timely manner, only perpetuating the damage to Plaintiff.

19. Plaintiff had NOT been shopping for any vehicles in 2019, 2020, or 2021 let alone three vehicles for his own personal use, 2 of which were in Florida where Plaintiff easily shows he was not residing, visiting, or otherwise.

20. Plaintiff never signed any contracts of any kind giving permission to any Defendant in named in this complaint to obtain his consumer credit reports and none had any reason to pull hos reports as there was no permissible purpose to begin with.

21. Plaintiff, as a direct result of Defendant's actions and subsequent inaction to investigate, remedy, and compensate Plaintiff for the damages they have wreaked continues to be unable to obtain any consumer credit at all of any kind and has been sidelined completely from obtaining any new credit and certainly not pricey medical office space in the 90210 zip code.

22. Plaintiff has been unable to open his medical practice since he cannot obtain a lease based on his credit profile and accordingly has been unable to earn an income.

23. Each of Defendant's automated decisions, lending, debt collection, credit reporting, coupled with a lack of care of sensitive financial data belonging to Plaintiff has completely devastated Plaintiff's reputation and ruined his chances of being approved in normal credit transactions that consumers partake in regularly.

24. Many of Defendants, in particular the banking institutions, appear to be the victim of their own automation and their automated lending decisions, banking, and credit reporting, which is no reason that Plaintiff or any consumer should have to suffer even a single point reduction in credit score or suffer damage of any kind as a result of lack of controls, yet that is exactly what took place here.

25. Having discovered the inaccurate reporting, in November 2020, Plaintiff filed a police report with the El Segundo, CA Police Department regarding the theft of his identity theft (report #20-0002652).

26. Plaintiff had to hire a credit repair company to assist him in disputing each and every inaccurate item listed by each Defendant with Equifax, Experian, and Trans Union directly multiple times.

27. Plaintiff has had to pay $20.00+ per month for costs associated with credit monitoring service that he would not have normally needed if it wasn't for each Defendant's individual conduct and outright lack of care.

28. Plaintiff disputed the inaccurate items on his credit reports for several months, yet, Defendants continued to disseminate inaccurate information about him to Equifax, Experian, and TransUnion.

29. Plaintiff and/or Plaintiff's counsel sent each and every Defendant a letter giving notice that Plaintiff has been the victim of identity theft. To date, however, little cooperation if any has been received. Defendant's also received investigation requests as a result of the disputes sent to Equifax, TransUnion, and Experian, and many have not complied, and those that have, refuse to remedy or compensate Plaintiff for the damages they have caused.

30. Many of the Defendants have been contacted via the CFPB as Plaintiff filed complaints via the CFPB regarding the theft that had occurred. But even though Defendants have been contacted both directly and indirectly by Plaintiff, many still failed to, at the very least, remove unauthorized hard inquiry(s) it had left on Plaintiff's consumer credit reports.

31. Defendant's choice to ignore and or fail to properly remedy and compensate Plaintiff for the violations of the code and damages done to his reputation, even afterbeing presented with

clear and convincing offers of proof have caused the violations of each to rise to and satisfy the standard of egregious willful non-compliance. The preponderance of evidence demonstrates Defendant knew Plaintiff was the victim of ID theft and continued to report derogatory inaccurate items on Plaintiff's consumer credit report anyway.

32. Given the lopsided balance of bargaining power between consumers (specifically senior citizens) such as Plaintiff and powerful and financially robust financial institutions such as each Defendant, Defendant's knew or should have known that its conduct as herein described was reasonably calculated and likely to result in Plaintiff simply giving up on trying to fix his credit.

33. Each Defendant's violations are providing derogatory, inaccurate, consumer information relating to Plaintiff to various credit reporting agencies as that term is defined by 15 U.S.C. § 1681a(f) and Cal. Civ. Code § 1785.3(d).

34. As a result of Defendant's inaccurate reporting of Plaintiff's accounts, Plaintiff's credit score decreased. Plaintiff was and/or will be denied future credit due to the derogatory items placed by each Defendant on Plaintiff's credit report. Plaintiff has been completely sidelined from credit because of the conduct of each Defendant from being able to qualify for even basic credit for the time being.

35. Plaintiff according to evidence has been damaged, and continues to be damaged, in the following ways:

    a) Damage to his financial reputation and creditworthiness in the amount of at least $250,000. *see Kim v. BMW of N. Am., LLC, 408 F. Supp. 3d 1155 (C.D. Cal. 2019)*. Plaintiff has never been denied credit in his entire life, but now cannot be approved for any credit at all and has stopped applying in because he knew it would be fruitless and an exercise in frustration, the value of taking this away from Plaintiff the court may agree is worth more than $250,000 as did the judges in the above referenced Kim v. BMW case. Plaintiff's credit was an invitation to the world to get essentially anything he needed from a financial standpoint, which was taken away from him by no fault of his own and by the conduct of each Defendant individually and collectively.

b) Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown.

c) Decreased credit score which may result in inability to obtain credit on future attempts; and

d) Out of pocket expenses associated with disputing the information reported by Defendant's.

36. At all times pertinent hereto, Defendant was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

37. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants, and/or employees, was malicious, intentional, willful, and or reckless in their disregard for Federal and State Laws and the rights of Plaintiff herein.

38. Defendant violated 15 U.S.C. §§ 1681s-2(b) as well as Sections 1681n and 1681o of the FCRA by engaging in the following conduct:

a. Willfully, knowingly, and or negligently continuing to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;

b. Willfully, knowingly, and or negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-1.

c. Willfully, knowingly, and or negligently failing, in the preparation of the consumer report concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information *in* the report;

d. Willfully, knowingly, and or negligently failing to correct, after receiving ample notice, information about the Plaintiff which defendants knew, or should have known, was incomplete and/or inaccurate.

e. Willfully, knowingly, and or negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiff's credit file(s) after conducting an investigation;

f. Willfully, knowingly, and or negligently failing to conduct an adequate investigation of Plaintiffs complaints, and by willfully, knowingly, and negligently failing to implement corrective actions once the outcome of such investigations was known, or should have been known, to the defendants.

g. Willfully, knowingly, and or negligently failing to provide subsequent users of the report with the Plaintiffs statement of dispute or a summary thereof;

h. Willfully, knowingly, and or negligently failing of the furnishing of negative and inaccurate credit information to credit reporting agencies,

i. Willfully, knowingly, and or negligently failing to place a fraud alert on Plaintiff's credit files, as required by 15 U.S.C, Section 1681 C-1;

j. Willfully, knowingly, and or negligently failing to put a block on the identity theft account or accounts, as required by 15 U.S.C. Section 1681s-2; and,

k. Willfully, knowingly, and or negligently failing to provide such information to the credit bureaus indicating the full nature, reasons and extent of Plaintiff's dispute, and thus causing the credit report to the credit bureaus to be inaccurate and incomplete.

**39.** Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages, and harm to Plaintiff that are outlined more fully above. As a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual, and punitive damages, along with attorney's fees and costs, as well as such other relief permitted by law and which this Court deems due and proper.

**40.** Defendant's conduct is malicious and oppressive, in that, Defendant, even after having ample time and resources to prevent the conduct of which Plaintiff herein complains, Defendant continues to report the information, failed to investigate the claims, failed to mark the line as

disputed and failed to delete any inquires, insisting that they are properly reporting. Simply by failing to mark the credit report as disputed is sufficient to articulate a violation against each Defendant. But each Defendant, rather take proper action, doubled down on their efforts to collect by sending notices and marking Plaintiff's credit with additional and more damaging derogatory information thereby causing even further damage and demonstrating each Defendant's conduct is malicious. Each have taken action that they know to be counter to the law and the documents provided. They are oppressive in that, rather than properly mark the credit report, Defendant took more aggressive action to collect by exerting more pressure on Plaintiff in direct contradiction to the code sections.

41. Plaintiff reaped no benefit whatsoever from Defendant's conduct and received nothing from any Defendant.

42. As a result of Defendant's conduct as described herein, Plaintiff has suffered economic and emotional harm, and Plaintiff here and now seeks recompense from Defendant for its violations of the CA CCRAA and The California Identity Theft Law. Plaintiff seeks to enjoin Defendant's conduct as well as any and all remedies available at law and any and all other remedies that the Court deems due, proper, and owing.

## COUNT I: VIOLATION OF

## CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

## Cal. Civ. Code § 1785.25(a)

### (By Plaintiff against All Defendants and Each of Them)

43. Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs of this Complaint as if they were fully set forth herein.

44. CA CCRAA, Cal. Civ. Code § 1785.25(a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency reporting agency if the person knows or should know the information is incomplete or inaccurate".

45. Defendant negligently and/or willfully furnished or refused to correct information to or with the credit reporting agencies that it knew or should have known was inaccurate, false, incomplete and or illegal.

46. Additionally, after notice of the inaccuracies and providing of proper documentation, Defendant knowingly and intentionally failed to properly mark Plaintiff's report, electing to mark Plaintiff's with both inaccurate and derogatory information, instead.

47. Inaccurate, misleading, false, or incomplete information has been furnished by Defendant about Plaintiff and Defendant, even after reasonable notice has failed to correct or properly mark the credit report of Plaintiff, thereby causing damages and continuing to cause damages.

48. Defendant is the actual and proximate cause as well as the substantial factor in the damages to Plaintiff.

49. Based on these violations of the CA CCRAA, Cal. Civ. Code § 1785.25(a), Plaintiff is entitled to the remedies afforded to them by CA CCRAA, Cal. Civ. Code § 1785.31, including without limitation actual damages, attorney's fees, pain and suffering (general damages), injunctive relief, and punitive damages (for the reasons stated above) in an amount neither less than $100.00 nor more than $5,000.00 for each violation as the Court deems due, proper, and appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A. Actual damages according to evidence.
B. Statutory damages for all violations as well as for willful and negligent violations;
C. Exemplary and punitive damages as determined by the Court or Finder of Fact;
D. Treble damages pursuant to Cal. Civ. Code § 3345
E. Costs and reasonable attorney's fees; and
F. For such other and further relief as may be just and proper.

///
///
///
///

## COUNT II
## VIOLATION OF CALIFORNIA IDENTITY THEFT LAW, CAL. CIV. CODE § 1798.92

### (By Plaintiff against All Defendants and Each of Them)

50. Plaintiff incorporates all preceding paragraphs as though alleged this cause of action.

51. In continuing credit report activities against Plaintiff after he had reported to each Defendant the identity theft situation, each Defendant willfully violated the California Identity Theft Law, Civ Code Section 1798.92 et seq.

52. Defendant negligently and/or willfully furnished or refused to investigate and or correct information to or with the credit reporting agencies that it knew or should have known was inaccurate, false, incomplete and or illegal.

53. Additionally, after notice of the inaccuracies and providing of proper documentation including Police Documentation, Defendant knowingly and intentionally failed to investigate and properly mark Plaintiff's report, electing to refuse to investigate and further to mark Plaintiff's credit further with both inaccurate and derogatory information, instead.

54. Inaccurate, misleading, false, or incomplete information has been furnished by Defendant about Plaintiff and Defendant, even after reasonable notice has failed to investigate or correct or properly mark the credit report of Plaintiff, thereby causing damages and continuing to cause damages.

55. Defendant is the actual and proximate cause as well as the substantial factor in the damages to Plaintiff.

56. Plaintiff is a senior entitled to Treble damages pursuant to Cal. Civ Code Section 3345.

57. Plaintiff has suffered actual damages, including general special, special incidental and consequential damages, and is also entitle to attorney's fees and costs under the California

Identity Theft Law. In addition, Plaintiff alleges that each Defendant specifically violated Civ Code section 1798.93 (c)(6), thereby entitling him to a statutory $30,000 award, in addition to any other damages which may be assessed by the court.

**58.** Additionally, Plaintiff's reputation had been damaged, ability to earn an income, and help others had been ruined by Defendant. Accordingly, Plaintiff seeks no less than $250,000 in damages to his reputation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A. Actual damages according to evidence, but not less than $250,000.
    B. Statutory damages for all violations as well as for willful and negligent violations in the amount of $30,000.
    C. Exemplary and punitive damages as determined by the Court or Finder of Fact;
    D. Costs and reasonable attorney's fees; and
    E. Treble damages pursuant to Cal. Civ. Code § 3345
    F. For such other and further relief as may be just and proper.

## V. JURY

**59.** Plaintiff reserves her right under Section 16 of Article 1 of the Constitution of the State of California to a trial by jury and hereby demands a trial by jury on all issues so triable.

Date: May 6, 2021    By:    **/S/ Whitney D. Ackerman**
    Whitney D. Ackerman, Esq.
    Law Offices of Whitney D. Ackerman
    Attorney for Plaintiff, MICHAEL LEBOW